IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| MITCHELL ALAN PLY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 5:14CV00255-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mitchell Ply, appeals the final decision of the Commissioner of the Social Security Administration denying his claims for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.   BACKGROUND**

On December 4, 2011, Plaintiff protectively filed for benefits due to right shoulder pain, seizures, positional vertigo, depression, and overactive thyroid. (Tr. 176) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on January 24, 2013, where Plaintiff appeared with his lawyer. (Tr. 26-97) Plaintiff, who was thirty-eight years old at the time of the hearing, has a GED and past relevant work experience as a test technician. (Tr. 71)

The ALJ issued a decision on March 22, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 9-20) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

**II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found Plaintiff had not engaged in substantial gainful activity since December 4,

2011, and he had the following severe impairments: positional vertigo, polysubstance abuse disorder, Hepatitis C, right shoulder pain, and depression. (Tr. 11) However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[1] (Tr. 12) According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to do unskilled, light work, except he is limited to occasional stooping and bending and interpersonal contact is incidental to the work performed. (Tr. 13-14) The VE testified that the jobs available with these limitations were small products assembler and small parts packer. (Tr. 73) Accordingly, the ALJ determined that Plaintiff could perform a significant number of other jobs existing in the national economy, and found he was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[2] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[3]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[4]

---

[1] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

[2] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[3] *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[4] *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

**B.     Substantial Evidence**

Plaintiff asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Plaintiff contends that the ALJ (1) should have found his personality order severe; (2) failed to consider GAF scores; and (3) should have found that he met the organic mental disorder listing.

1.     Personality Disorder

Plaintiff asserts his personality disorder should have been considered "severe" because his anxiety and unpredictable behavior would create problems during interaction with coworkers and the public. The ALJ considered Plaintiff's mental limitations by restricting Plaintiff to work where "interpersonal contact is incidental to the work performed." (Tr. 13) The ALJ also noted that the credibility of Plaintiff's claims were diminished by his poor work history, dishonesty about drug use, and connection between ongoing drug use and alleged mental impairments. He also noted that medication appeared to control the symptoms related to Plaintiff's mental impairments,[5] but he was "frequently noncompliant with his care" and made many excuses regarding this. The ALJ also noted, and the records reflect, that Plaintiff consistently failed to fill his prescriptions, did not take his medications as prescribed,[6] and had gaps in his treatment history.[7] And while Plaintiff contends that he was unable to afford medications, the Court notes that he continued to smoke and use illegal

---

[5]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[6]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[7]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

3

drugs during the relevant time period.[8] For these reasons, the Court concludes Plaintiff's argument on this point is without merit.

### 2. GAF Scores

Regarding GAF scores, Plaintiff's argument overemphasizes their importance.[9] The Commissioner declined to endorse the use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings. *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). Measuring mental impairments on a numerical scale is difficult. DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings. The diagnostic categories, criteria, and textual descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis. It is important that DSM-IV not be applied mechanically by untrained individuals. The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

*Id.* xxxii.

Low GAF scores, by themselves, do not rise to the level of a medical opinion that the ALJ must address. It is no more significant than any other axis of the multiaxial assessment. Here, the Court concludes the ALJ adequately discussed Plaintiff's mental impairments and his determinations are supported by substantial evidence.

### 3. Listing 12.02(C)

---

[8]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

[9]Global Assessment of Functioning. <u>Diagnostic and Statistical Manual of Mental Disorders</u> 32-34 (4th ed., Text Revision 2000) (DSM-IV-TR). The GAF Scale is the fifth axis of the multiaxial assessment. *Id.* at 32. It measures psychological, social and occupational functioning. *Id.*

4

Plaintiff argues that the ALJ should have found that he met listing 12.02(C) for Organic Mental Disorder. Specifically, he cites: "A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate." However, the record fails to support this finding and the ALJ properly set out the evidence to the contrary.

IV. **CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 19th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE